

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2004

# Wiewiorski v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3860

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Wiewiorski v. Atty Gen USA" (2004). *2004 Decisions.* Paper 817.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/817

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-3860

_____

BOGDAN WIEWIORSKI,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES

_____

APPEAL FROM THE BOARD OF IMMIGRATION APPEALS

(No. A77 050 592)

_____

ARGUED JANUARY 26, 2004

BEFORE: NYGAARD, FUENTES, and STAPLETON, Circuit Judges.

(Filed  April 19, 2004)

_____

John D. Perez, Esq. (Argued)
2nd Floor
41-51 Wilson Avenue
Newark, NJ 07105

          Counsel for Petitioner


Russell J.E. Verby, Esq. (Argued)
Jocelyn L. Wright, Esq.

William C. Minick, Esq.
United States Department of Justice
Office of Immigration Litigation
PO Box 878
Ben Franklin Station
Washington, DC 20044

<u>Counsel for Respondent</u>

_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

The Immigration Judge ("IJ") denied Bogdan Wiewiorski's motion to

terminate removal proceedings and the Board of Immigration Appeals ("BIA") affirmed

without opinion. Wiewiorski appeals. Because we agree with the IJ that Wiewiorski did

not present evidence of his *prima facie* eligibility for amnesty under Section 245A of the

Immigration and Nationality Act, we will affirm.[1]

I.

Wiewiorski, a native of Poland, entered the United States without being

admitted or paroled. The date of Wiewiorski's entry is unclear and is of central

---

1. Because the BIA affirmed the IJ's decision under its streamlining regulations, we review the IJ's decision on appeal. *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). We review the IJ's findings of fact to ensure that they are supported by substantial evidence. *Id.* at 247. We exercise plenary review of the IJ's legal conclusions. *Valansi v. Ashcroft*, 278 F.3d 203, 207 (3d Cir. 2002).

importance in this appeal. The Government initially alleged that Wiewiorski entered the United States in 1990. Wiewiorski responded by claiming, in his motion to terminate, that he entered in 1984. Other evidence showed Wiewiorski was present in the United States in December 1982.

On May 30, 1999, the Government served Wiewiorski with a Notice to Appear that alleged he was an alien present in the United States without being admitted or paroled. Wiewiorski admitted that he was subject to removal but moved to terminate his removal proceedings based on an amnesty application he claimed to have submitted in late 1989 or early 1990. Based on Wiewiorski's failure to present sufficient evidence that he had actually applied for amnesty, or that he was eligible for temporary resident status under that program, the IJ denied the motion.

II.

Wiewiorski argues that the IJ committed error by denying his motion to terminate and that the BIA erred by affirming that decision.

Under Section 245A of the INA ("Section 245A"), an alien who is otherwise out of status in this country is eligible for temporary resident status if he or she satisfies several criteria. 8 U.S.C. § 1255a(a). One essential qualification is that the alien "establish that he entered the United States before January 1, 1982, and that he has resided continuously in the United States in an unlawful status since such date." 8 U.S.C. 1255a(a)(2)(A).

Wiewiorski moved to terminate his removal proceedings based on his claim that he filed an application to take advantage of Section 245A. In order to succeed on such a motion, Wiewiorski must establish his *prima facie* eligibility for the relief provided under the amnesty program. 8 U.S.C. § 1255a(e)(2). The IJ correctly found that Wiewiorski failed to establish such eligibility. There is simply no evidence that Wiewiorski entered the United States before January 1, 1982. At best, and ignoring Wiewiorski's own claim that he entered in 1984, a letter from Wiewiorski's past employer shows that he was present in the United States in December 1982. This is almost a full year too late to satisfy the requirements of Section 245A and, therefore, the IJ was correct in denying Wiewiorski's motion to terminate.

The BIA was also well within its discretion in affirming the IJ's decision without opinion. Sitting *en banc*, this Court recently held that the BIA's affirmance without opinion procedure does not violate an alien's due process rights. *Dia*, 353 F.3d at 238. Thus, Wiewiorski's arguments to the contrary are disposed of by that holding. Wiewiorski's only remaining argument is that the BIA erred by using its affirmance without opinion procedure in this particular case because, according to Wiewiorski, the IJ's decision contained non-harmless error. However, based on our above analysis, we find no error in the IJ's decision. Accordingly, the BIA did not err by affirming the decision.

For the foregoing reasons, we will affirm the decision of the BIA.